People v McDonald (2024 NY Slip Op 50044(U))

[*1]

People v McDonald

2024 NY Slip Op 50044(U)

Decided on January 18, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 18, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Renee McDonald, Defendant.

Docket No. CR-001749-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: Margaret Caruso, not admitted, supervised by La Shuana R. Cole, Esq., Assistant District Attorney)
For the Defendant:
Giovanni Escobedo, Esq.

Yadhira González-Taylor, J.

By notice of omnibus motion dated October 20, 2023, defendant moved, inter alia, for dismissal of the accusatory instrument on statutory speedy trial grounds pursuant to Criminal Procedure Law ("CPL") §§ 255.20, 245.50 (1) and (3), 170.30 (e), 30.20 and 30.30 ("Docket No.: Docket No.: CR-001749-23BX, the "January arrest"). Specifically, defendant asserts that dismissal is warranted where the prosecution failed to comply with their disclosure obligations pursuant to CPL § 245.20 (1) prior to filing their Certificate of Compliance ("CoC") and Statement of Readiness ("SoR"). Defense counsel further argues that the case must be dismissed if the People are charged with the period of their non-compliance. The People opposed the motion on December 4, 2023. By notice of omnibus motion also dated October 20, 2023, defense counsel moved on the same statutory grounds to dismiss a companion case following defendant's violation of the Temporary Order of Protection granted to the complaining witness on January 24, 2023 (Docket No.: CR-002921-23BX, the "February arrest"). The People did not oppose the motion to dismiss this docket, nor did they acknowledge the companion case in their opposition papers.
Upon review and consideration of the submissions, court file, and relevant legal authority, the Court finds that the People failed to exercise good faith and due diligence in the discharge of their discovery duties and, thus:
The People's CoCs filed on April 24, 2023, at 9:33 pm and 10:01 pm (Docket No.: CR-001749-23BX) and on May 8, 2023 (Docket No.: CR-002921-23BX), are deemed INVALID and ILLUSORY; and Dismissal pursuant to CPL §§ 170.30 (e), 30.20 and 30.30 is GRANTED for both Docket No.: CR-001749-23BX and Docket No.: CR-002921-23BX.
RELEVANT PROCEDURAL HISTORY
Defendant Renee McDonald was arrested on January 23, 2023 (the January arrest) and charged with one count each of Penal Law ("PL") § 120.14 (1) (menacing in the second degree), [*2]a misdemeanor, and PL § 240.26 (1) (harassment in the second degree), a violation. Ms. McDonald was arraigned the following day and released on her own recognizance. 
On February 6, 2023 (the February arrest), defendant was arrested and charged with one count each of PL § 215.50 (3) (criminal contempt in the second degree), PL § 145.00 (1) (criminal mischief in the fourth degree) and PL § 120.15 (menacing in the third degree). Defendant was arraigned on February 7, 2023, and released under supervision. 
On April 24, 2023, the People filed their CoC and SoR at 9:22 pm and their supplemental CoC and supplemental SoR at 10:01 pm for the January arrest. 
At a discovery conference held on June 2, 2023, Bronx Defenders was relieved as counsel, and Attorney Escobedo was assigned as 18-b counsel. 
At the conference held on June 7, 2023, the court confirmed that the People had filed their CoC and SoR concerning the February arrest off-calendar on May 8, 2023. However, a bench warrant was ordered because defendant did not appear. On June 14, 2023, defendant returned to court, and the dockets were adjourned for a discovery conference on August 2, 2023. At a subsequent discovery conference held on September 15, 2023, defense counsel requested a motion schedule. 
DISCUSSION
I. The Parties' Arguments [FN1]

Initially, defense counsel submits that the People's CoC and supplemental CoC should be deemed invalid because they were filed after court operations had closed for the day (affirmation of defendant's counsel at 4). Counsel further claims that of the seven officers identified by the People as having relevant evidence concerning any charged offense, the defense has only received partial disclosure regarding two officers named as testifying witnesses (affirmation of defendant's counsel at 7). Specifically, counsel avers that the prosecution provided summary letters concerning two IAB allegations against Police Officer ("PO") Alvarado-Mota and one IAB case against PO DeJesus (affirmation of defendant's counsel at 7-8). Defendant also asserts that other than a redacted three-page Internal Case Management System Worksheet concerning the IAB case against PO DeJesus, the People did not disclose underlying Giglio documents nor any discoverable materials from NYPD Legal or the Central Personnel Index ("CPI") for PO Alvarado-Mota (affirmation of defendant's counsel at 7-8). Counsel asserts that no further CCRB information was exchanged beyond records dated October 13, 2020 (affirmation of defendant's counsel at 10). Counsel also argues that the People were obligated to disclose Giglio information concerning PO Kelly and Sergeant ("Sgt.") Espinosa, although neither was named as a testifying witness (affirmation of defendant's counsel at 12).
Defendant seeks Giglio disclosure concerning all involved officers, whether the claims are substantiated, unsubstantiated, or exonerated, and including underlying documents (affirmation of defendant's counsel at 13). Defense maintains that the prosecution has failed to diligently discharge its disclosure obligation regarding items enumerated in CPL § 245.20 (1) [*3]and, thus, the People's CoC was illusory and did not stop their speedy trial time from accruing (affirmation of defendant's counsel at 13-15). Counsel seeks an order suppressing statement evidence or, alternatively, a Huntley hearing (affirmation of defendant's counsel at 5). Counsel maintains that the prosecution must be deemed untimely pursuant to CPL §170.30 (e), § 30.20, and § 30.30 if the People are charged with the period of their non-compliance (affirmation of defendant's counsel at 15). Lastly, defendant seeks suppression of any evidence of her prior criminal history or bad acts or, alternatively, a hearing pursuant to Sandoval/Molineux/Ventimiglia (affirmation of defendant's counsel at 17).
Initially, the People argue their CoC filings were valid because the prosecution is not required to disclose the entire personnel file for its testifying officers (People's affirmation at 5). The People further maintain that they have complied with their Giglio disclosure obligations because they provided defense counsel with a two-page summary of allegations for POs Alvarado-Mota and DeJesus, along with 11 pages of underlying documents (People's affirmation at 6). The prosecution contends that defense counsel has not established that non-testifying PO Kelly and Sgt. Espinosa played an integral role in the arrest or investigation such that disclosure is warranted pursuant to People v Peralta, 190 NYS 3d 873, 956 [Crim Ct, Bronx County 2023] (People's affirmation at 7). 
The People maintain that they complied with disclosure of CCRB records pursuant to CPL § 245.20 (2) because they disclosed what was in their possession and have no further duty regarding documents that are not within their actual or constructive possession (People's affirmation at 6). Further, the People aver that they exercised good faith and due diligence to comply with their obligations and claim that defense counsel waited too long to assert that Sgt. Espinosa had knowledge regarding defendant's case (People's affirmation at 5). The prosecution asserts that 30.30 time is quantifiable in days and, thus, their CoC filing was timely and that where the defense has failed to assert any prejudice caused by purported discovery deficiencies, dismissal of the accusatory instrument is unwarranted (People's affirmation at 11). 
Lastly, the prosecution opposes defendant's motion to suppress statements and preclude evidence of prior convictions and bad acts, as well as defendant's reservation of rights; however, the People consent to defendant's request for a Huntley hearing and request that the issue of preclusion of prior convictions and bad acts be referred to the trial court (People's affirmation at 14-17). 
II. Applicable Standard for CoC Challenge
To counter a motion to dismiss claiming that the People's CoC is illusory due to the prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).
If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]; People v Georgiopoulous, 71 Misc 3d 1215[A], 2021 NY Slip Op 50380[U], *6 [Sup Ct, Queens County 2021]; People v Valdez, 80 Misc 3d 544, 547 [Crim Ct, Kings County 2023]). 
While there is no one-size fits all response to determining discovery compliance, this [*4]Court has held that "by following-up, the very essence of what it means to exercise due diligence," the prosecution's CoC can be deemed valid although some discovery is missing and/or belatedly disclosed (see Hernandez, 2023 NY Slip Op 51201[U], *15 citing People v Franklin, 78 Misc 3d 1232[A], 2023 NY Slip Op 50400[U], *6 [Crim Ct, Bronx County 2023]).
Recently, the Court of Appeals addressed the question of the People's due diligence in People v Bay, — NE3d &mdash, 2023 NY Slip Op 06407 [2023]. The Bay court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *15-16 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]). 
Further, the mere demonstration of good faith will not overcome a lack of prosecutorial due diligence (see Bay, 2023 NY Slip Op 06407, *16). Accordingly, the Bay decision enumerated several factors that courts should consider to adjudicate the reasonableness of the People's response to comply with their mandated disclosures, including:
"the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" 
(see Bay, 2023 NY Slip Op 06407, *16).
Additionally, the Bay court held that while belated disclosure will not necessarily render a CoC invalid, a supplemental CoC cannot compensate for the failure to exercise due diligence before initial certification (see Bay, 2023 NY Slip Op 06407, *17; see also People v Andrews, 2023 NY Slip Op 50867[U], *3-4 [Crim Ct, Bronx County 2023]["(CPL § 245.50) unambiguously references the disclosure of additional information but will not shield the People from failing to disclose evidence already known to them at certification, nor, arguably, from investigating evidence which they had reason to believe existed"]).
Moreover, pursuant to CPL § 245.80, a court may impose a remedy or sanction where discoverable information is belatedly disclosed which is appropriate and proportionate to the prejudice suffered by the party entitled to the discovery (CPL § 245.80 [1] [emphasis added]). 
However, as noted in the Bay decision, following Legislative reforms that bind CPL Article 245 disclosures to CPL § 30.30 speedy trial time requirements, a court's inquiry of whether the People have demonstrated trial readiness is predicated upon a finding that they have timely filed a proper CoC which certifies their compliance with CPL § 245.20 disclosures pursuant to CPL § 245.50 (3) and, thus, dismissal as a consequence of the People's unreadiness for trial within their allotted 30.30 clock is a matter of untimeliness and not an issue of the proportionate prejudice caused by the prosecution's belated or missing disclosures (see Bay, 2023 NY Slip Op 06407, *20).
III. The Court's Analysis
Timeliness of the People's CoC filings
Defense counsel asserts that the CoC filings on April 24, 2023, concerning the January arrest, were untimely because the People filed after court operations had ceased for the day. [*5]This Court has repeatedly rejected the notion that submissions sent after 5:00 p.m. on the ninetieth day following arraignment contravene the precise holding set forth in People v Kendzia (see People v Martinez, 80 Misc 3d 312, 319 [Crim Ct, Bronx County 2023] citing Kendzia, 64 NY2d 331, 337 [1985][The prosecution must state its readiness in two ways: 1) such declaration must be communicated in open court, or by written notice of readiness to defense counsel and the court clerk, and 2) the statement is made when the prosecution is indeed ready to proceed to trial]; see also People v Nichols, 79 Misc 3d 1211[A], 2023 NY Slip Op 50591[U], *4-5 [(T)he Legislature drafted CPL § 30.30 (1) (b) to quantify the applicable time period in days] citing People v McLean, 77 Misc 3d 492, 498 [Crim Ct, Kings County 2022]; see also People v Middleton, 79 Misc 3d 418, 421-422 [Crim Ct, New York County 2023]["General Construction Law § 19 provides: "A calendar day includes the time from midnight to midnight. [ ] In other words, the People should have until midnight to file their COC/COR on the ninetieth day pursuant to CPL § 30.30 (l)(b)] [internal citations omitted]).
Defendant's arguments do not suggest any facts that would prompt the Court to amend its analysis. Accordingly, the People's CoCs dated April 24, 2023, filed at 9:22 pm and 10:01 pm concerning the January arrest, were filed within their statutorily allotted speedy trial time. 
Giglio discovery
As a threshold matter, it is well-settled that the CCRB is not a law enforcement agency nor an agency within the prosecution's control (see People v. Carter, 76 Misc 3d 1206[A], 2022 NY Slip Op 50837[U], *6 [Crim Ct, Bronx County 2022]. The People have stated they disclosed CCRB records, which were already in their possession, and, as such, they have satisfied their duty pursuant to CPL § 245.20 (2) (see Peralta at 956-957). 
Defense counsel describes the extent of the People's CPL § 245.20 (1)(k) disclosures as follows: "The prosecution provided a summary letter identifying two IAB LOG #s for Officer Catherine Alvarado-Mota and one IAB LOG # for Officer Madelin DeJesus," "the Internal Case Management System Worksheet- Internal Affairs provided for Catherine Alvarado-Mota is improperly redacted, and the prosecution's summary identified four substantiated allegations concerning PO DeJesus. However, other than the three-page Internal Case Management System Worksheet- Internal Affairs, no other underlying material, and no other Giglio material was provided" (affirmation of defendant's counsel at 12 [internal quotations omitted]). 
The People posit that they are not required to disclose an officer's entire personnel file for purposes of impeachment, except where defendant's case is related by subject matter to the allegations of misconduct (see People v Johnson, 218 AD3d 1347, 1350 [4th Dept 2023]. However, the prosecution's bald statement that "the People provided a two-page summary of allegations for testifying Officers along with underlying logs of said allegations amounting to eleven pages," unsupported by any documentary evidence appended to the opposition papers, is suggestive of a far thriftier response to defendant's Giglio demands than disclosing the officers' entire personnel records.
First, the prosecution does not clarify whether the "two-page summary" was prepared by the People or by IAB. The issue is not inconsequential, "(a)s the Appellate Division has held, the statute does not allow the People to fulfill this mandate by merely supplying summary letters about their police witnesses' misconduct (see People v Figueroa, 78 Misc 3d 1203[A], 2023 NY Slip Op. 50149[U], *2 [Crim Ct, Queens County 2023] citing Matter of Jayson C., 200 AD3d 447, 448-49 [1st Dept 2021]).
Secondly, the People do not address the allegation that an IAB Worksheet related to PO [*6]Alvarado-Mota was improperly redacted, nor do they provide this Court with a basis to conclude whether the four substantiated IAB charges against PO DeJesus were included in their eleven-page disclosure and, if not, explain why the information should be withheld as not discoverable pursuant to CPL § 245.20.
The breadth of the prosecution's arguments against Giglio disclosure of non-testifying officers is far more expansive, but insofar as defense counsel has provided no evidence that the non-testifying officers played an integral role in the arrest and/or investigation of defendant, the Court can discern from the facts at bar that Giglio disclosure is not warranted for PO Kelly, Sgt. Espinosa, nor any other officers referenced in the motion (see Peralta at 954-955). 
However, the Court cannot divine the prosecution's compliance, so it must rely upon the record to determine whether the People have adhered, either quantitatively or qualitatively, to their discovery mandate concerning POs Mota-Alvarado and DeJesus (see Bay, 2023 NY Slip Op 06407, *22). Complying with the discovery statute is the People's obligation and the record at bar is devoid of evidence to sustain their burden. 
Accordingly, concerning Docket No.: CR-001749-23BX, the January arrest, the People's CoC, and supplemental CoC, filed on April 25, 2023, at 9:22 pm and 10:01 pm, respectively, are deemed INVALID.
Additionally, concerning Docket No.: CR-002921-23BX, the February arrest, the People's CoC, filed on May 8, 2023, is also deemed INVALID.
IV. The CPL § 30.30 Calculation
In a motion to dismiss an accusatory instrument where the top charge is a misdemeanor, pursuant to CPL § 30.30 (1), defendant has the initial burden to demonstrate that the prosecution failed to declare readiness for trial within the statutorily prescribed time, ninety days (see CPL § 30.30 [1] [b]; see also People v Flores, 79 Misc 3d 1239[A], 2023 NY Slip Op 50834[U], *2 [Crim Ct, Bronx County 2023] citing People v Galino, 38 NY3d 199, 205 [Ct of App 2022]; see also CPL § 30.30 [4]). The burden then shifts to the People to identify excludable delays (see People v Luperon, 85 NY2d 71, 77-78 [1995] ["(T)he People must ordinarily identify the exclusions on which they intend to rely, and the defense must identify any legal or factual impediments to the use of these exclusions"]). 
Docket No.: Docket No.: CR-001749-23BX, the January arrest
The People's 30.30 calculation commenced on January 25, 2023, the day after defendant's arraignment. On April 24, 2023, the People filed their CoC, SoR, and supplemental CoC and SOR off-calendar (January 25, 2023 to April 24, 2023 = 90 days chargeable). At a court appearance held on May 1, 2023, the People advised the court that their CoC, SoR, and supplemental CoC and SoR had been filed off-calendar (April 24, 2023 to May 2, 2023 = 8 days chargeable because the contemporaneous CoC filings have been deemed illusory). On May 26, 2023, the court was advised that the case was being transferred to another attorney, and the matter was adjourned to June 2, 2023 (May 6, 2023 to May 26, 2023 = 20 days chargeable because the contemporaneous CoC filings have been deemed illusory). On June 2, 2023, a bench warrant was issued when defendant failed to appear (May 26, 2023 to June 2, 2023 = 8 days chargeable because the CoC filings have been deemed illusory). On June 14, 2023, defendant returned to court, and the case was adjourned to August 2, 2023, for a discovery conference (June 2, 2023 to June 14, 2023 = 0 days chargeable). On August 2, 2023, the case was adjourned for discovery purposes to September 15, 2023 (June 14, 2023 to August 2, 2023 = 50 [*7]days chargeable because the CoC filings have been deemed illusory). On September 15, 2023, the instant motion schedule was set (August 2, 2023 to September 15, 2023 = 45 days chargeable because the CoC filings have been deemed illusory). 
Accordingly, because 221 days in total are chargeable to the People, the prosecution was not timely pursuant to CPL §§ 170.30 (e), 30.20 (1) (b), and 30.30, and the docket must be dismissed as a consequence of the People's unreadiness for trial.
Docket No.: CR-002921-23BX, the February arrest
The People's 30.30 calculation commenced on February 8, 2023, the day after defendant's arraignment. On May 8, 2023, the People filed their CoC and SoR for this docket (February 8, 2023 to May 8, 2023 = 90 days chargeable). On May 26, 2023, the court ordered but stayed a bench warrant when defendant failed to appear (May 8, 2023 to May 26, 2023 = 18 days chargeable because the CoC filing has been deemed illusory). At the June 2, 2023 court appearance, defendant did not appear, but no bench warrant was ordered, and the matter was adjourned to June 7, 2023 (May 26, 2023 to June 2, 2023 = 8 days chargeable because the CoC filing has been deemed illusory). 
On June 7, 2023, a bench warrant was ordered for the defendant's failure to appear (June 2, 2023 to June 7, 2023 = 5 days chargeable because the CoC filing has been deemed illusory). On June 14, 2023, defendant returned to court, and the docket was adjourned for a discovery conference to August 2, 2023 (June 7, 2023 to June 14, 2023 = 0 days chargeable). On August 2, 2023, the case was adjourned to September 15, 2023, for a discovery conference (June 14, 2023 to August 2, 2023 = 50 days chargeable because the CoC filing has been deemed illusory). On September 15, 2023, the instant motion schedule was set (August 2, 2023 to September 15, 2023 = 45 days chargeable because the CoC filing has been deemed illusory). 
Accordingly, because 216 days in total are chargeable to the People, the prosecution was not timely pursuant to CPL §§ 170.30 (e), 30.20 (1) (b), and 30.30, and the docket must be dismissed as a consequence of the People's unreadiness for trial.
CONCLUSION
Based upon the foregoing, defendant's motion for dismissal of the accusatory instrument on statutory speedy trial grounds pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e) is GRANTED for both Docket No.: CR-001749-23BX and Docket No.: CR-002921-23BX.
This constitutes the opinion, decision, and order of the Court.
Dated: January 18, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1: The legal arguments and analysis herein will address those referenced in Docket No.: CR-002921-23BX, which are inclusive of all the arguments made in support of the companion case, Docket No.: CR-001749-23BX, in which the same police officers are identified as testifying witnesses.