People v Jawad (2024 NY Slip Op 24236)

[*1]

People v Jawad (Mohammed)

2024 NY Slip Op 24236

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., MARINA CORA MUNDY, PHILLIP HOM, JJ

2023-1134 Q CR

The People of the State of New York, Appellant,
against
Mohammed Jawad, Respondent. 

Queens County District Attorney (Johnnette Traill, William H. Branigan and Michael Tadros of counsel), for appellant.
New York City Legal Aid Society (Stephen Nemec of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Wanda L. Licitra, J.), dated June 15, 2023. The order granted defendant's April 10, 2023 motion to dismiss the accusatory instrument on statutory speedy trial grounds. The appeal brings up for review so much of an order of that court dated March 30, 2023 as granted the branches of defendant's October 17, 2022 motion seeking to invalidate the People's certificate of compliance and statement of readiness due to the People's alleged failure to turn over material discoverable under CPL 245.20 (1) (k) (see CPL 470.15 [1]).

ORDERED that the order dated June 15, 2023 is reversed, on the law, defendant's April 10, 2023 motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied and the accusatory instrument is reinstated; so much of the order dated March 30, 2023 as granted the branches of defendant's October 17, 2022 motion seeking to invalidate the People's certificate of compliance and statement of readiness due to the People's alleged failure to turn over material discoverable under CPL 245.20 (1) (k) is vacated, those branches of defendant's motion are denied, and the matter is remitted to the Criminal Court for all further proceedings.
Defendant was charged in an accusatory instrument with driving while intoxicated per se [*2](Vehicle and Traffic Law § 1192 [2]), common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs (Vehicle and Traffic Law § 1192 [4-a]). On August 30, 2022, the People filed off-calendar a certificate of compliance (COC) and a statement of readiness (SOR). The COC listed eight law enforcement officers with "information relevant to a charge or defense," designating two of the officers as testifying witnesses. The People turned over Law Enforcement Officer as Witness (LEOW) letters summarizing substantiated, unsubstantiated, and pending disciplinary allegations against the two testifying officers.
By notice of motion dated October 17, 2022, defendant moved to, among other things, invalidate the People's August 30, 2022 COC and SOR due to the People's alleged failure to turn over material discoverable under CPL 245.20 (1) (k). Specifically, defendant cited the People's failure to turn over LEOW letters for the six nontestifying officers and the disciplinary records underlying the LEOW letters disclosed for the two testifying officers. The People opposed, arguing that they were not required to turn over this material. By order dated March 30, 2023, the Criminal Court, insofar as is relevant to this appeal, invalidated the August 30, 2022 COC and SOR. The court held that the People were required to turn over the disciplinary records underlying the LEOW letters for the two testifying officers pursuant to CPL 245.20 (1) (k) (iv), and that the People had a duty to review the disciplinary records of the six nontestifying officers for material discoverable under the remaining subdivisions of CPL 245.20 (1) (k).
By notice of motion dated April 10, 2023, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that, in light of the Criminal Court's invalidation of their August 30, 2022 COC and SOR, the People were chargeable with over 90 days of delay. The People opposed, asserting, among other things, that defendant had waived his challenge to the People's COC by failing to raise it as soon as practicable (see CPL 245.50 [4] [c]). By order dated June 15, 2023, the Criminal Court granted defendant's motion to dismiss the accusatory instrument, charging the People with the 106-day period from July 3 to October 17, 2022.
On appeal, the People argue that the branch of defendant's October 17, 2022 motion seeking to invalidate the August 30, 2022 COC should have been denied as untimely; that, in any event, the COC was valid because the People met their obligations under CPL 245.20 (1) (k) by disclosing LEOW letters for the two testifying officers; and that, even if the People were required to disclose additional material, the Criminal Court should not have invalidated the COC because it was filed in good faith after the exercise of due diligence.
We disagree with the Criminal Court's conclusion that the People violated CPL 245.20 (1) (k) (iv) by failing to disclose the disciplinary records underlying the LEOW letters for the two testifying officers. CPL 245.20 (1) (k) (iv) provides that the People shall automatically disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including . . . [a]ll evidence and information, including that which is known to police [*3]or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witness" (emphasis added). Here, one of the testifying officers had no substantiated, unsubstantiated, or pending disciplinary allegations against him; thus, there were no underlying disciplinary records to turn over for that officer. The other testifying officer had one pending allegation that was not "relate[d] to the subject matter of the case" (CPL 245.20 [1]). Consequently, the underlying disciplinary records for that officer were not subject to automatic discovery (see People v McCarty, 221 AD3d 1360, 1362 [3d Dept 2023]; People v Johnson, 218 AD3d 1347, 1350 [4th Dept 2023]; People v Fuentes, 81 Misc 3d 136[A], 2023 NY Slip Op 51399[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]; People v Weisman, 81 Misc 3d 129[A], 2023 NY Slip Op 51248[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
With respect to the six nontestifying officers, the People had no disclosure obligations pursuant to CPL 245.20 (1) (k) (iv), which "requires disclosure only of materials that tend to 'impeach the credibility of a testifying prosecution witness' " (People v Cooperman, 225 AD3d 1216, 1219 [4th Dept 2024], quoting CPL 245.20 [1] [k] [iv]). However, the Criminal Court found that the People had an obligation to review the nontestifying officers' disciplinary records because those records could contain evidence or information that tends to "negate the defendant's guilt as to a charged offense" (CPL 245.20 [1] [k] [i]), "reduce the degree of or mitigate the defendant's culpability as to a charged offense" (CPL 245.20 [1] [k] [ii]), "support a potential defense to a charged offense" (CPL 245.20 [1] [k] [iii]), "undermine evidence of the defendant's identity as a perpetrator of a charged offense" (CPL 245.20 [1] [k] [v]), "provide a basis for a motion to suppress evidence" (CPL 245.20 [1] [k] [vi]), or "mitigate punishment" (CPL 245.20 [1] [k] [vii]). Assuming, arguendo, that the People had an obligation to review the nontestifying officers' disciplinary records for material discoverable under CPL 245.20 (1) (k), we conclude, under the circumstances of this case and considering the relevant factors, that the People's failure to do so did not invalidate their August 30, 2022 COC "inasmuch as the People exercised due diligence and made reasonable efforts sufficient to satisfy CPL article 245" (People v Cooperman, 225 AD3d at 1219 [internal quotation marks omitted).
"[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (People v Bay, 41 NY3d 200, 211 [2023], quoting CPL 245.50 [1]). "Although the statute nowhere defines 'due diligence,' it is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (People v Bay, 41 NY3d at 211, quoting People v Bolden, 81 NY2d 146, 155 [1993]). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented" (People v Bay, 41 NY3d at 212). "Although the relevant factors for assessing due diligence may vary from case to case, courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor [*4]exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id.).
Here, the People made substantial efforts to comply with their discovery obligations under CPL article 245 and turned over a considerable volume of material, including, among other items, the 911 call made in connection with the incident, body camera footage from seven of the eight involved officers, footage of the remaining officer's interview of defendant, activity logs or memo books for all eight officers, the arrest report, an intoxicated driver examination form, and the results of defendant's breath test. We note that the People filed their initial COC and turned over the items listed above on the 58th day after commencement of the action, well before the 90-day statutory speedy trial deadline (cf. People v Champion, 81 Misc 3d 292, 293 [Crim Ct, NY County 2023]; People v Ajunwa, 75 Misc 3d 1220[A], 2022 NY Slip Op 50626[U], *1 [Crim Ct, Bronx County 2022]).
Moreover, the People's explanation for the discovery lapse—that they did not believe they were required to turn over disciplinary information related to the nontestifying officers—was reasonable because courts are divided on whether such material is automatically discoverable under CPL 245.20 (1) (k) (see Matter of E.S., 79 Misc 3d 681, 686 [Fam Ct, NY County 2023]; compare People v Amir, 76 Misc 3d 1209[A], 2022 NY Slip Op 50856[U], *6-7 [Crim Ct, Bronx County 2022], with People v Edwards, 77 Misc 3d 740, 745 [Crim Ct, Bronx County 2022]; cf. People v Bay, 41 NY3d at 215 [invalidating the People's COC where the People had failed to turn over "routinely produced disclosure materials," including an arrest report, a 911 call, and a domestic incident report]). Even some courts that read CPL 245.20 (1) (k) to cover nontestifying officers' disciplinary records condition disclosure of such material on a showing by the defendant that the nontestifying officer "played an integral role in the arrest and/or investigation of the incident such that disclosure is warranted" (People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023]; see People v McDonald, 81 Misc 3d 1231[A], 2024 NY Slip Op 50044[U], *6 [Crim Ct, Bronx County 2024]; People v Kingsberry, 81 Misc 3d 1212[A], 2023 NY Slip Op 51323[U], *4 [Crim Ct, Bronx County 2023]; People v Peralta, 79 Misc 3d 945, 955 [Crim Ct, Bronx County 2023]; People v Jackson, 79 Misc 3d 832, 840 [Crim Ct, NY County 2023]; People v Edwards, 77 Misc 3d at 745; but see People v Vallejo, 82 Misc 3d 582, 585 [Crim Ct, Bronx County 2023]). Defendant made no such showing here, despite the People having turned over to defendant material that would have clarified the role of each nontestifying officer, including body camera footage, activity logs, and memo books.
In view of the foregoing, we find that the People's August 30, 2022 COC was filed after the exercise of due diligence and that, therefore, the Criminal Court erred in invalidating it (see People v Cooperman, 225 AD3d at 1220; People v Williams, 224 AD3d 998, 1006-1007 [3d Dept 2024]).
The People were required to be ready for trial within 90 days of the commencement of the action (see CPL 30.30 [1] [b]; Vehicle and Traffic Law § 1193 [1] [b]; see also People v Lomax, 50 NY2d 351, 356 [1980]). Pursuant to the foregoing analysis, the August 30, 2022 COC and [*5]SOR stopped the statutory speedy trial clock with fewer than 90 days chargeable to the People. Consequently, the Criminal Court erred in dismissing the accusatory instrument on statutory speedy trial grounds.
We reach no other issue.
Accordingly, the order dated June 15, 2023 is reversed, defendant's April 10, 2023 motion to dismiss the accusatory instrument on statutory speedy trial grounds is denied and the accusatory instrument is reinstated; so much of the order dated March 30, 2023 as granted the branches of defendant's October 17, 2022 motion seeking to invalidate the People's certificate of compliance and statement of readiness due to the People's alleged failure to turn over material discoverable under CPL 245.20 (1) (k) is vacated, those branches of defendant's motion are denied, and the matter is remitted to the Criminal Court for all further proceedings.
BUGGS, J.P., MUNDY and HOM, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024