People v Wharton (2024 NY Slip Op 24235)

[*1]

People v Wharton (Jami)

2024 NY Slip Op 24235

Decided on August 13, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on August 13, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., WAVNY TOUSSAINT, PHILLIP HOM, JJ

2021-769 K CR

The People of the State of New York, Respondent,
against
Jami Wharton, Appellant. 

Appellate Advocates (Victoria L. Benton of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Ann Bordley and Michael Bierce of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Adam D. Perlmutter, J., at plea; Deepa Ambekar, J., at sentencing), rendered November 4, 2021. The judgment convicted defendant, upon a plea of guilty, of driving while ability impaired, and imposed sentence. The appeal brings up for review an order of that court (Adam D. Perlmutter, J.) denying defendant's motion to invalidate the certificates of compliance and to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, the order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
In March 2020, defendant was charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]). On March 20, 2020, Executive Order 202.8 suspended the CPL 30.30 speedy trial time limitations. On March 25, 2020 and April 7, 2020, the People provided the defense with various discovery [*2]materials. On July 1, 2020, the People filed an off-calendar certificate of compliance (COC) and statement of readiness (SOR). On October 4, 2020, Executive Order (A. Cuomo) No. 202.67 (9 NYCRR 8.202.67) provided that the CPL 30.30 suspension was no longer in effect. 
The case appeared on the November 4, 2020 calendar, on which date it was adjourned to January 26, 2021. On November 25, 2020, the People filed an off-calendar supplemental COC and SOR. On January 26th, defense counsel informed the court that defendant would be filing a motion to strike the COCs and dismiss the accusatory instrument. On February 19, 2021, the People provided the defense with additional discovery materials. By notice of motion returnable in March 2021, defendant moved to strike the July and November COCs on the ground that they were improper because, among other reasons, the People had belatedly provided the defense with photographs of the scene, the police officer's memobook, and the calibration records for the portable breath test device. The People opposed the motion, to which defendant replied. On March 12, 2021, following oral argument, the Criminal Court (Adam D. Perlmutter, J.) denied the motion. Thereafter, defendant pleaded guilty (Adam D. Perlmutter, J.) to driving while ability impaired, and was sentenced (Deepa Ambekar, J.) as promised.
With respect to defendant's contention that her motion to strike the COCs as improper and to dismiss the accusatory instrument on statutory speedy trial grounds should have been granted, we note that, pursuant to CPL 30.30 (6), effective January 1, 2020, an "order finally denying a motion to dismiss pursuant to subdivision one of this section shall be reviewable upon an appeal from an ensuing judgment of conviction notwithstanding the fact that such judgment is entered upon a plea of guilty." Here, the People had 90 days from the filing of the accusatory instrument to announce their readiness for trial since the most serious offense charged, common-law driving while intoxicated, was a class A misdemeanor (see CPL 30.30 (1) (b); People v Lomax, 50 NY2d 351, 356 [1980]).
Absent an individualized finding of special circumstances, the filing of a proper COC is a prerequisite to the validity of any required statement of readiness issued after January 1, 2020 (see CPL 30.30 [5]; 245.20, 245.50 [3]; People v Bay, 41 NY3d 200 [2023]; People v Guzman, 75 Misc 3d 132[A], 2022 NY Slip Op 50445[U], *5 [App Term, 2d Dept, 9th & 10th Jud Dists 2022] see also People v King, — NY3d —, 2024 NY Slip Op 033322 [2024]). In Bay, the Court of Appeals held that "the key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] reasonable inquiries to ascertain the existence of material and information subject to discovery' " (Bay at 211, quoting CPL 245.50 [1]; see also CPL 245.20 [2]). The Court noted that "the discovery provisions empower—and indeed, require—the trial court to facilitate compliance on the record with these new discovery obligations" (id. at 212-213). If a defendant brings "a CPL 30.30 [statutory speedy trial] motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the . . . COC despite a belated or missing disclosure . . . . If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id. at 213 [citations [*3]omitted]). Moreover, "a defendant need not demonstrate prejudice [pursuant to CPL 245.80] to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations. CPL 245.50 (3) and CPL 30.30 (5), taken together, plainly require that the People file a proper COC reflecting that they have complied with their disclosure obligations before they may be deemed ready for trial" (id. at 213-214). The People are required, within specified time periods (see CPL 245.10 [1]) to "make a diligent, good faith effort to ascertain the existence of material or information" that is subject to automatic discovery (CPL 245.20 [2]), and CPL 245.20 (1) lists various materials which are subject to automatic discovery.
It is uncontroverted that, although the People filed their initial COC and SOR in July 2020, and filed a supplemental COC and SOR in November 2020, they did not provide the defense with photographs taken by the police, calibration records for the portable breath test device, and the police officer's memobook entries — all of which were discoverable pursuant to CPL 245.20 (1) — until February 2021. Once defendant moved, pursuant to CPL 30.30, "to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the . . . COC despite a belated or missing disclosure" (Bay, 41 NY3d at 213 [citations omitted]). As the record on appeal is bereft of any information as to whether the People made reasonable inquiries with respect to the above-referenced materials prior to filing their COCs, the People failed to show that they exercised due diligence. Consequently, the COCs were improper, the attendant SORs were invalid, and defendant's motion to dismiss on statutory speedy trial grounds should have been granted, as more than 90 days were chargeable to the People. We note that it is of no import that any material was ultimately not used, since, in the first instance, the People were required to show due diligence and good faith in order to submit a proper COC (see CPL 245.20 [2]; 245.50 [1]).[FN1]

We pass on no other issue.
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, defendant's motion is granted, and the accusatory instrument is dismissed.
MUNDY, J.P., TOUSSAINT and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 13, 2024

Footnotes

Footnote 1:We note that CPL 245.50 (4) (c), which requires challenges to the sufficiency of COCs to be made "by motion as soon as practicable," did not take effect until May 9, 2022 and, therefore, has no application to the instant analysis.