People v Wilber S. (2024 NY Slip Op 51279(U))

[*1]

People v Wilber S.

2024 NY Slip Op 51279(U)

Decided on September 13, 2024

Criminal Court Of The City Of New York, Queens County

Watters, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 13, 2024
Criminal Court of the City of New York, Queens County

The People of the State of New York

against
Wilber S., Defendant

Docket No. CR-024158-23QN

For the Defendant: Donna Lewis, Esq.
The Legal Aid Society
For the People: Melinda Katz, District Attorney, Queens County
ADA Sarah Mallak

Joanne Watters, J.

Summary of the Court's decision:
Defendant's motion to invalidate the People's COC is GRANTED, and the motion to dismiss the case pursuant to CPL 30.30 is GRANTED. Sealing is stayed for 30 days.
The defendant is charged with driving while intoxicated (VTL 1192[2] and 1192[3]) and driving while ability impaired (VTL 1192[1]).
At the arraignment on August 20, 2023, the People served notice pursuant to CPL 710.30(1)(a) seeking to introduce at trial the defendant's statement to law enforcement on August 20, 2023.
On November 17, 2023, the People filed a Certificate of Compliance (COC) pursuant to CPL 245.50(1), along with a Statement of Readiness for trial (SOR) pursuant to CPL 30.30, and certification pursuant to CPL 30.30(5-a).
On April 22, 2024, the People filed a Supplemental Certificate of Compliance (SCOC), indicating that they had served additional LEOW disclosures for Officer John Stolfa and BWC audit trails following the court's order on April 16, 2024.
On April 30, 2024, the People filed a second SCOC with additional disclosures: additional BWC audit trails.
On July 9, 2024, the People filed their third SCOC with calibration reports following defendant's arrest.
On July 11, 2024, this Court commenced a Dunaway/Huntley/Ingle/Johnson hearing. Prior to and during the hearing, the defendant made numerous claims of missing discovery. The People insisted that they were ready to proceed while also conceding to 89 chargeable days. [*2]However, the hearing could not be completed considering the defendant's claims of missing discovery pertaining the hearing issues being litigated. Specifically, defense claims that she was unable to view the BWC video that People sought to introduce at the hearing. As such, the Court held the hearing in abeyance to allow defense to file a motion to challenge the People's COC.
By motion filed on August 15, 2024, the defense challenges the People's COC as invalid and SOR as illusory and seeks to dismiss the criminal action pursuant to CPL 30.30. Specifically, defense argues that the numerous belated disclosures and non-disclosures warrant dismissal. As defense argues, the People disclosed belatedly BWC audit trails, calibration reports, and LEOW letters for PO Stolfa. The defense further argues that it is still missing numerous discovery material: 1) the portable breathalyzer test records; 2) gas chromatography records; 3) IDTU Logs; 4) radio runs; 5) finalized vehicle report; 6) activity logs; 7) prisoner holding pen roster; 8) central personnel index; 9) underlying IAB records; 10) activity log for PO Dey; and 11) property voucher.
On August 16, 2024, the People filed their fourth SCOC, disclosing the E911 material, and subsequently filed their response on August 19, 2024. 
DEFENSE'S MOTION TO INVALIDATE THE PEOPLE'S NOVEMBER 17, 2023 COC
CPL 245.20 mandates the People to disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control . . . " (see CPL 245.20). The statute enumerates a non-exhaustive list of discoverable items (CPL 245.20[1][a]-[u]) and further imposes an affirmative duty on the People to make diligent, good-faith efforts to ascertain the existence of material or information to be made available for disclosure where it is not within the prosecutor's possession, custody, or control (CPL 245.20[2]).
The People must certify their discovery compliance in writing and must "state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery. It shall also identify the items provided" (CPL 245.50 [1]). "Absent an individualized finding of special circumstances, the filing of a proper COC is a prerequisite to the People being ready for trial" (People v Hamizane, 80 Misc 3d 7, 10 [App. Term, 2d Dept 2023]; see CPL 245.50 [1] and CPL 30.30[5]). Therefore, the discovery statute must be read in conjunction with CPL 30.30 (id.). Moreover, a showing of prejudice is not required to establish that a certificate of compliance is improper (People v Gaskin, 214 AD3d 1353, 1355 [4th Dept 2023]; Hamizane, 80 Misc 3d at 10]).
In addition to filing a valid COC, the People have a continuing duty to disclose additional material or information that it would have been required to disclose pursuant to CPL 245.20 (see CPL 245.60). Where the People provide additional discovery in connection with their continuing duty to disclose, they must file a supplemental certificate of compliance identifying the additional material and the information provided (CPL 245.50[1]; 245.60). A SCOC does not impact the validity of the COC if filed in good faith and after exercising due diligence, or if the additional discovery did not exist at the time of the filing of the COC (CPL 245.50[1-a]). However, the court may grant a remedy or sanction for a discovery violation pursuant to CPL section 245.80 (CPL 245.50[1]).
Therefore, a COC filed in good faith should not be invalidated where the People have demonstrated due diligence and made reasonable inquiries to obtain discovery materials prior to [*3]the filing of the COC (CPL 245.50). The touchstone is reasonableness, which is fundamentally case-specific and will turn on the circumstances presented (see People v Bay, 41 NY3d 200, 211 [2023]). The People bear the burden of establishing that they did, in fact, exercise due diligence and make reasonable inquires prior to filing the initial COC despite a belated or missing disclosure (id. at 212).
Due diligence is a mixed question of fact and law, and "courts should generally consider, among other things, the efforts made by the prosecution and the prosecutor's office to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212).
Applying the above legal principles, the Court will now address each item of discovery that defense claims to be disclosed belatedly or missing and, thus, invalidates the People's COC.
Belated Discovery: Audit Trails; Calibration Reports; and LEOW letter for PO Stolfa
Audit Trails
Currently, there is no appellate authority to clarify whether BWC audit trails are subject to automatic discovery. Moreover, trial courts are divided on whether such material is automatically discoverable under CPL 245.20(1) (compare People v Ballard, 83 Misc 3d 403 [Crim Ct Queens County 2023]; People v Lyons, — Misc 3d —, 2024 NY Slip Op 51088[U] [Crim Ct, Kings County 2024]; People v Champion, 81 Misc 3d 292 [Crim Ct, NY County 2023; with People v Rodriguez, — Misc 3d —, 2024 NY Slip Op 24181; People v Larkin, 72 Misc 3d 663, 669 [Crim Ct, Kings County 2021]; People v Williams, 73 Misc 3d 1091 (Sup Ct, Kings County 2021]). Considering the uncertainty in the law as it pertains to audit trails, the Court will not invalidate the COC for the belated disclosure of these records. Moreover, in compliance with the Court's order on April 16, 2024, the People turned over all BWC audit trail records on April 29, 2024.
Calibration Reports
The defendant argues that the People's COC should be invalidated because of the belated disclosure of calibration reports for the six-month period following the defendant's chemical test as required by CPL 245.20(1)(s).
Here, as the People recognized, these calibration reports did not exist at the time of the filing of the COC (see CPL 245.50[1-a]). Once the People received these reports, they made the disclosure to the defense and filed a SCOC on July 9, 2024.
Therefore, the defendant's motion to invalidate the People's COC on this ground is denied.
LEOW Letter for PO Stolfa
CPL 245.20(1)(k)(iv) provides that the People shall automatically disclose to defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control, including . . . [a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in the case, that tends to . . . impeach the credibility of a testifying prosecution witnesses."
Here, Officer Solfa is a testifying witness; therefore, his disciplinary records are discoverable pursuant to CPL 245.20(1)(k)(iv) (People v Jawad, — Misc 3d —, 2024 NY Slip [*4]Op 24236 [App Term, 2d Dept, 2nd, 11th & 13th Jud Dist 2024]). The People assert that they exercised due diligence in ascertaining the existence of this material prior to the filing of the COC .
Here, the People communicated with its LEOW unit to obtain information for all arresting officers, made multiple calls to the arresting officer and three different discovery liaisons and provided a considerable amount of LEOW records to defense prior to filing the COC.
Further, upon learning of the missing item, the People immediately contacted the LEOW unit and disclosed the missing item to defense counsel.
As such, the People sufficiently articulated their efforts to ascertain the existence of discoverable disciplinary records and filed their COC in good faith. Accordingly, the defense's motion to invalidate the People's COC on this ground is denied.

 Missing Discovery
Calibration Reports
The defense claims that the People failed to disclose gas chromatography records for all solutions used in the calibration of the machine. According to the People, all gas chromatography records for the simulator solution used in this case have been provided. Since defense did not indicate which simulator solution(s) the gas chromatography records are needed, the court must rely on the People's representation that these records were provided. Therefore, the defendant's motion to invalidate the People's COC on this ground is denied.
IDTU Logs
The defense claims that it is missing "IDTU logs," but does not specify what that discovery entails or how it relates to the subject matter of the case. Moreover, the People aver that all IDTU paperwork was shared in full. 
Considering the People's representation, the defendant's motion to invalidate the People's COC on this ground is denied.
Radio Runs
The defense claims that the People failed to disclose the radio runs for this case. According to the People's July 9, 2024 SCOC, they requested the radio run prior to the COC date, but that request was not properly sent. The People were alerted for the first time to the non-disclosure of the audio recording of the radio run on July 8, 2024. They immediately requested the radio runs and disclosed the recording prior to filing their SCOC on July 9, 2024.
Considering the People's representation, the defendant's motion to invalidate the People's COC on this ground is denied.
Finalized Vehicle Report
The defense claims that the People failed to disclose the Finalized Vehicle Report for this case. According to the People's response, they provided this report prior to the filing of the COC (People's Response at 29).
Considering the People's representation, the defendant's motion to invalidate the People's COC on this ground is denied.
Activity Log
The defense claims the activity logs she received are marked "in progress." According to the People, all copies of the activity logs are finalized and complete at the time of the arrest and were shared with defense prior to the filing of the COC. Considering the People's representation, the defendant's motion to invalidate the People's COC on this ground is denied.
Prisoner Holding Pen Roster
The defense claims that it is entitled to the Prisoner Holding Pen Roster, which exists in every case (Defense Motion at 6). The People argue that the Prisoner Holding Pen Roster has no relation to any of the specific crimes charges nor do the People expect to introduce such evidence at trial (People's Response at 29). CPL 245.20 (1) provides that the People shall disclose to the defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control . . . " (see CPL 245.20).
Here, the defendant fails to show that the Prisoner Holding Pen Roster relates to the subject matter of the case and, thus, subject to automatic discovery (see CPL 245.20[1]).
Central Personnel Index
The defense claims that it is entitled to the Central Personnel Index (CPI), which the People assert is an abstract of the officer's record in NYPD but does not contain information about IAB investigations.
The defendant fails to show that the CPI relates to the subject matter of the case and, thus, subject to automatic discovery (id.; see People v Jawad, — Misc 3d —, 2024 NY Slip Op 24236, 3 [App Term, 2d Dept, 2nd, 11th & 13th Jud Dist 2024]).
Underlying IAB
The defense claims there are underlying IAB records which have not been provide but does not specify for which officer(s) IAB records are missing. Moreover, the People assert that all IAB records, except for one IAB log, was disclosed prior to the filing of the COC. The missing IAB log was subsequently disclosed in April 2024.
Therefore, defense has not provided sufficient information to allow the court to rule on defense's motion to invalidate the COC on this ground. 
Activity Log for PO Dey and Property Voucher
The defense claims that the People's COC should be invalidated for failure to disclose Officer Dey's Activity Log. The People assert that they have made numerous attempts prior to the filing of the COC to locate Officer Dey's activity log and property voucher (People Response at 5). In fact, the People noted in their notice of non-disclosures the missing activity log and property voucher. Moreover, the People continued to search for the activity log and have yet to find a copy. Despite the People's efforts, these discovery items have not been recovered and have led the People to the conclusion that these items are lost.
Considering the People's representation, the Court finds that the People have exercised due diligence and made reasonable inquiries to ascertain the existence of these items. However, pursuant to CPL 245.80(1)(b), when material or information is discoverable but cannot be disclosed because it has been lost or destroyed, the defendant is entitled to an appropriate remedy or sanction. As such, the defense may seek sanctions or a remedy for the lost material.
Portable Breath Test
The defense claims the People's failure to disclose the records pertaining to the portable breath test that was performed on the defendant. The People do not dispute the discoverability of these records. Instead, the People claim that this issue has been resolved since they agreed to forgo admitting any record of the PBT results into evidence. ow The People's reliance on this "stipulation" to resolve a discovery dispute is misguided and does not absolve them of their discovery obligations under CPL 245.20 to provide records related to the PBT.
On February 28, 2024, the defense raised issues concerning the discovery that was provided and the People's COC. Similarly, On April 16, 2024, the defense raised issues involving missing discovery. On that date, the Court ordered the People to disclose the NYPD BWC video audit trails and IAB records. The Court further ordered for hearings to be conducted prior to the filing of motions. On July 9, 2024, defense emailed the prosecutor a list the discovery requests, including records related to the PBT.
On July 11, 2024, this Court commenced the suppression hearing notwithstanding the missing discovery items in the interest of judicial economy. However, given the defense's discovery challenges to the missing PBT records and the BWC footage, the Court made the decision to resolve discovery issues pertinent to the suppression hearing. Thus, the defense was not precluded from challenging the People's COC simply because the Court proceeded with the suppression hearing and the People agreed to forgo eliciting any testimony regarding the PBT results. 
Regarding the defense's challenge, the People misapprehends their obligation to disclose discovery items that they do not seek to use as evidence against the defendant. CPL 245.20 requires disclosure to a defendant of "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control," not just items that the People seek to use as evidence against the defendant (CPL 245.20[1] [emphasis added]).
Here, the People have failed to provide an explanation for this discovery lapse, much less articulate any effort to ascertain the existence of these records prior to filing of initial COC (see People v Wharton, — Misc 3d —, 2024 NY Slip Op 24235 [App Term, 2d Dept, 2nd, 11th & 13th Jud Dist 2024]). The PBT records relate to the subject matter of the case and are relevant to the hearing and may support an inference of whether probable exists or does not exist (id.; see People v Kulk, 103 AD3d 1038, 1040 [3d Dept 2013]; CPL 245.20[1][s]).
In absence of such a significant item and the People's failure to establish on multiple occasions that they had exercised due diligence to disclose this item to defense, the Court must find the COC was invalid and the statement of readiness was illusory (see People v Bay, 41 NY3d 200, 215 [2023]).
Accordingly, the defendant's motion to invalidate the COC and strike the SOR as illusory is granted.

Speedy Trial
The top charge against the defendant is a misdemeanor punishable by a definite sentence not exceeding one year; therefore, the People are required to be ready for trial within 90 days of the commencement of the action (VTL 1193[1][b]).
A defendant has the initial burden of asserting that the People's "30.30 time" has expired. Thereupon, the burden switches to the People to demonstrate that certain periods within that time should be excluded pursuant to statutorily enumerated exemptions (see CPL § 30.30[4]; People v [*5]Santos, 68 NY2d 859, 861 [1986]).
Whether the People have satisfied their CPL § 30.30 readiness obligation is generally calculated by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the statutory provisions, and then adding to the result any post-readiness periods of delay that are attributable to the People and are ineligible for an exclusion (People v Cortes, 80 NY2d 201, 208 [1992]).

 CALCULATIONS OF INCLUDABLE AND EXCLUDABLE TIME
 August 20, 2023 to November 21, 2023
On August 20, 2023, the defendant was arraigned in the instant matter. The case was adjourned for the People's COC and SOR, which the People filed on November 17, 2024.
The People concede that there are 89 days chargeable during this period. However, as discussed above, the People's COC was invalid and SOR was illusory; therefore, this entire period is chargeable to the People.
NINETY-THREE DAYS CHARGED (TOTAL: 93 Days)

November 21, 2023 to February 28, 2024
On November 21, 2023, the case was adjourned to February 28, 2024 for hearings for the first time. This period is excludable (see People v Reed, 19 AD3d 312, 314—15 [2005][the People are entitled to a reasonable period of time to prepare for hearings or trial]).
ZERO CHARGED (TOTAL: 93 Days)

 February 28, 2024 to April 16, 2024
On February 28, 2024, the People announced ready for the hearing; defense made claims of missing discovery. The case was adjourned to April 16, 2024.
Since the People could not validly announce ready on an invalid COC, this entire period is chargeable.
FORTY-EIGHT CHARGED (TOTAL: 141 Days)

April 16, 2024 to May 29, 2024
On April 16, 2024, the People announced ready for the hearing; defense was not ready. The case was adjourned to May 29, 2024.
Since the People could not validly announce ready on an invalid COC, this entire period is chargeable.
FORTY-THREE CHARGED (TOTAL: 184 Days)

May 29, 2024 to July 11, 2024
On May 29, 2024, the People announced ready for the hearing; defense was not ready. The case was adjourned to July 11, 2024. Since the People could not validly state ready on a defective COC, this entire period is chargeable.
FORTY-THREE CHARGED (TOTAL: 227 Days)

 July 11, 2024 to September 13, 2024
On July 11, 2024, this Court commenced the suppression hearing but adjourned the case upon defense's request to challenge the People's COC. Thus, this period is excludable (CPL 30.30[4][a]).
ZERO CHARGED (TOTAL: 227 Days)

 CONCLUSION
Based on the forgoing calculations, the Court finds that the People are charged with 227 days, exceeding the statutory time within which they must be ready for trial.
Accordingly, the Defendant's motion to dismiss pursuant to CPL 30.30 is GRANTED.
It is further ordered that sealing of this matter is stayed for 30 days.
This constitutes the Decision and Order of the Court.
Dated: September 13, 2024
Kew Gardens, NY
HON. JOANNE WATTERS, A.J.S.C.